**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VALERIE SMITH, | DOCKET NUMBER |
| Appellant, | CH-0752-20-0182-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: December 19, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Rebecca L. Fisher, Esquire, San Antonio, Texas, for the appellant.

Deborah L. Lisy, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's removal decision. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the initial decision's analysis of the appellant's sex discrimination claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant was the Postmaster for the U.S. Postal Service's Cedarburg Post Office. Initial Appeal File (IAF), Tab 12 at 57. Prior to this, from September 2015 to March 2018, she was the Postmaster for the agency's Kiel Post Office. *Id.* at 57-58. In December 2018, the agency proposed to remove the appellant for unacceptable conduct based on disclosing her log-on and password credentials to subordinate employees during her time as the Postmaster of the Kiel Post Office. IAF, Tab 11 at 74-79. Specifically, the narrative in support of the charge stated that, between May 2016 and February 2018, the appellant provided her log-on credentials on an ongoing basis to multiple employees for the purposes of entering their own timekeeping and performing other duties requiring the appellant's level of access. *Id.* Following the appellant's oral reply, the agency sustained the proposed removal, effective December 17, 2019. *Id.* at 60-66.

The appellant subsequently appealed her removal to the Board, arguing that the agency could not prove the charge, the penalty was not reasonable, and the agency engaged in sex discrimination. IAF, Tab 1 at 6, Tab 20 at 4. After the

appellant withdrew her request for a hearing, IAF, Tab 22, the administrative judge issued an initial decision affirming the agency's removal action, IAF, Tab 31, Initial Decision (ID) at 1.

The administrative judge first found that the appellant admitted that she had given her log-on information to multiple employees and allowed at least one employee to continually use her log-on credentials. ID at 4. The administrative judge rejected the appellant's argument that the agency effectively allowed password sharing, and thus her conduct was not "unacceptable." ID at 4-5. He also found that this was, in any event, more appropriately an argument regarding the reasonableness of the penalty. ID at 5. Thus, the administrative judge found that the agency proved its charge by preponderant evidence. ID at 4-5.

The administrative judge then found that the agency proved nexus, and that the penalty of removal was reasonable. ID at 5-8. In so holding, the administrative judge rejected the appellant's argument that she was subjected to a harsher penalty than similarly situated employees. ID at 10. Specifically, the administrative judge was not convinced that the appellant was substantially similar to any other employees she identified, who had shared their passwords on a few "discrete" occasions, because the appellant shared her password on an ongoing basis with multiple employees over a multiyear period. *Id.* Moreover, the administrative judge did not credit the declaration of the Operations Programs Analyst who purported to have analyzed data demonstrating widespread password sharing. ID at 11. Similarly, the administrative judge found that, at most, there were individual instances of password sharing by other employees, whereas the appellant engaged in more serious misconduct. ID at 12-13.

The administrative judge further found that the appellant failed to make a showing that her sex was a motivating factor in the agency's decision to remove her. ID at 14-15. Finally, the administrative judge rejected the appellant's claim that the agency violated her due process rights. ID at 15-17.

The appellant has filed a petition for review raising many of the arguments she raised below. Petition for Review (PFR) File, Tab 1. The agency has responded to her petition for review, and the appellant has replied to its response. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Generally, in an adverse action appeal, an agency must prove its charge by a preponderance of the evidence, establish a nexus between the action and the efficiency of the service, and establish that the penalty it imposed is within the tolerable bounds of reasonableness. *Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012). The administrative judge found that the agency proved its charge by preponderant evidence and established a nexus. ID at 4-6. The parties do not challenge these findings on review, and we discern no reason to disturb them. *See Canada v. Department of Homeland Security*, 113 M.S.P.R. 509, ¶ 9 (2010) (finding that a charge such as improper conduct has no specific elements, and is established by proving that the employee committed the acts alleged in narrative form).

The administrative judge correctly found that the appellant failed to establish her affirmative defense of sex discrimination.

The appellant on review reargues that she was treated worse than male counterparts who had engaged in the same misconduct as her. PFR File, Tab 1 at 8-10. The administrative judge found that the appellant failed to show that discrimination was a motivating factor in the contested personnel action. ID at 14-15. We agree with the administrative judge.

In analyzing the appellant's claim of sex discrimination, the administrative judge applied the standard set out in *Savage v. Department of the Army*, 122 M.S.P.R. 612 ¶¶ 36, 37 (2015). ID at 14-15. Following the issuance of the initial decision in this case, the Board issued *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-25, 30, which overruled parts of *Savage* and

clarified the proper analytical framework to be applied to affirmative defenses of Title VII discrimination and retaliation. Specifically, the Board explained in *Pridgen* that for status-based discrimination claims, in order to obtain full relief, the appellant must show that discrimination or retaliation was a but-for cause of the personnel action. *Id.*, ¶¶ 21-22. The Board also clarified the expansive scope of potentially relevant evidence. *Id.*, ¶¶ 23-25. If an appellant proves, for example, that discrimination was a motivating factor in the action and the agency does not prove by preponderant evidence that it would have taken the same action in the absence of discrimination, the appellant has established but-for causation. *Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 18.

The Board has held that the presence of comparators who are similarly situated to the appellant, other than in the protected characteristic, and who receive systematically better treatment than the appellant, may be circumstantial evidence that discrimination was a motivating factor in or but-for cause of the agency's action. *Id.*, ¶ 18; *Pridgen*, 2022 MSPB 31, ¶ 24. A comparator must be similarly situated to the appellant in all relevant aspects of his employment situation, including sharing the same supervisor, being subjected to the same standards governing discipline, and engaging in conduct similar to the appellant's without differentiating or mitigating circumstances. *Pridgen*, 2022 MSPB 31, ¶ 27.

The appellant on review argues that "several male counterparts had done and admitted to the same" misconduct that she engaged in. PFR File, Tab 1 at 8-10. She further challenges the administrative judge's finding that the individuals identified were not similarly situated because they had not similarly engaged in multiyear, multi-person password sharing as the appellant had, but rather, had engaged in "discrete acts of password sharing." *Id.*; ID at 15. However, the appellant has failed to identify specific individuals who were found to have similarly violated agency rules against password sharing without differentiating or mitigating circumstances. In any event, as set forth in the

agency's decision letter, other employees who engaged in similar misconduct, including the subordinate with whom the appellant shared her log-on information, were removed. IAF, Tab 11 at 63, Tab 12 at 40, Tab 27 at 34. Furthermore, both the proposing and deciding officials declared that they were unaware of any employees sharing their passwords in a similar manner during a similar timeframe as the appellant. IAF, Tab 27 at 26-28, 33-34. In fact, the individuals identified by the appellant all denied sharing their log-on information.[2] *Id.* at 26-27. As such, the appellant has failed to identify any individuals similarly situated to her who were treated disparately. *Pridgen*, 2022 MSPB 31, ¶ 27.

The appellant has not made any other arguments from which we can infer sex discrimination. Accordingly, we agree with the administrative judge that the appellant has failed to meet her burden of showing, by preponderant evidence, that her sex was a motivating factor in or a but-for cause of the contested personnel action.

The administrative judge correctly held that the appellant failed to demonstrate a due process violation.

The appellant argues that the agency denied her due process by failing to give her notice that her conduct could lead to discipline prior to her notice of proposed removal. PFR File, Tab 1 at 4-7. The administrative judge rejected this argument, finding that it amounted to "pre-notice notice" not required for minimum due process. ID at 16-17. We agree.

When, as here, a public employee has a property interest in her continued employment, the government cannot deprive her of that interest without due process. *Wilson v. Department of Homeland Security*, 120 M.S.P.R. 686, ¶ 7 (2014). An agency's failure to provide a nonprobationary Federal employee with an opportunity to present a response, either in person or in writing, to an

---

[2] As for the specific individual identified in the appellant's supporting declaration from another Postmaster, the agency has opened an investigation into his alleged misconduct and an adverse action is being reviewed for issuance. IAF, Tab 27 at 28, Tab 28 at 27-28.

appealable agency action that deprives her of her property right in her employment constitutes an abridgement of her constitutional right to minimum due process of law, i.e., prior notice and an opportunity to respond. *Geier v. Department of the Treasury*, 90 M.S.P.R. 186, ¶ 5 (2001).

The appellant attempts to extend the due process prior notice requirement to a notice that the agency would enforce its rules, and that her misconduct could result in discipline. PFR File, Tab 1 at 5. However, the appellant has provided no authority in support of her expanded notice requirement. The agency's notice of proposed removal informed the appellant of the charge and provided notice of the agency's evidence. IAF, Tab 11 at 74-77. Moreover, she was provided an opportunity to respond and present evidence, in writing or in person, to the deciding official. *Id.* at 78. Under the circumstances, such procedures were all that were required in terms of minimum due process. *Henton v. U.S. Postal Service*, 102 M.S.P.R. 572, ¶ 13 (2006).

To the extent the appellant alleges that other employees received such "pre-notice notice" through her discipline, which served to alert them that the conduct would no longer be tolerated, we are unpersuaded. Even if these other employees generally became more aware of the agency's password-sharing policies and the ramifications of such misconduct based on the appellant's discipline, this does not negate her receipt of constitutional minimum due process.

The administrative judge correctly held that the penalty was within the tolerable bounds of reasonableness.

The appellant on review argues that the deciding official failed to properly weigh the mitigating factors in assessing the reasonableness of the penalty. PFR File, Tab 1 at 7-8. The administrative judge held that the agency properly considered the relevant factors, and that the penalty of removal was reasonable. ID at 6-9. We agree.

When the agency's charge is sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Stuhlmacher v. U.S. Postal Service*, 89 M.S.P.R. 272, ¶ 20 (2001). In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Id.* Thus, the Board will modify a penalty only when the Board finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Id.*

The appellant on review argues that the agency "failed to meet" the *Douglas* factors and asserts that the factors are "not mere suggestions but are requirements." PFR File, Tab 1 at 7. The appellant misconstrues this analysis. The *Douglas* factors are a non-exhaustive list of relevant factors for consideration in determining the appropriateness of a penalty. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981). Not all of the factors will be pertinent in every case, and selection of an appropriate penalty must involve a responsible balancing of the relevant factors in the individual case. *Id.* at 306. Indeed, an agency need not demonstrate that it considered all mitigating factors in determining the penalty; similarly, the administrative judge need not contemplate mitigating factors not identified by the appellant as significant. *Yeschick v. Department of Transportation*, 801 F.2d 383, 385 (Fed. Cir. 1986).

The appellant identifies *Douglas* factor number nine, the clarity with which the employee was on notice of any rules that were violated in committing the offense or had been warned about the conduct in question, in arguing that there was no notice that her conduct violated any rules. PFR File, Tab 1 at 7. However, her argument is belied by her admission, in the same paragraph, that there "were training videos that explained the agencies [sic] position on the

protection of passwords." *Id.* Indeed, she has not contested that she completed training on password protection, which prohibits password sharing. IAF, Tab 11 at 62, Tab 27 at 37-44, Tab 28 at 23.

She also argues that she was allowed to share passwords, and thus appears to allege that the agency condoned such conduct. PFR File, Tab 1 at 7. In support of her argument that the agency condoned the type of misconduct she committed, the appellant offered a declaration from an Operations Programs Analyst with the agency, who asserted that he "pulled down a bunch of data" which showed that "a lot of people [share passwords.]" IAF, Tab 28 at 31-32. The administrative judge considered this evidence but found it unconvincing. ID at 11-13. Specifically, the administrative judge noted that the Operations Programs Analyst did not produce the data he purported to analyze, explain how he collected or otherwise conducted his analysis, explain how he determined that passwords were being shared, explain his own expertise in data analysis, or identify a single individual who engaged in conduct similar to the appellant's password sharing over a multiyear period with numerous persons. ID at 11-12. On review, the appellant argues that the administrative judge improperly dismissed this evidence. PFR File, Tab 1 at 8. We disagree.

There is no evidence corroborating the Operations Programs Analyst's declaration that the data he analyzed demonstrated widespread password sharing. Without supporting data or an explanation of how he reached his conclusions, or even an explanation of his expertise in data analysis, we find that his declaration provides little probative value. *See Adamsen v. Department of Agriculture*, 116 M.S.P.R. 331, ¶ 17 (2011) (finding an individual's statement which identified no firsthand knowledge of the relevant events and no factual basis to support its claim was unreliable hearsay); *Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (considering whether corroboration for the statements can otherwise be found in the record).

The appellant additionally provided other sworn statements asserting that "[t]he sharing of passwords is an ongoing practice" and "[i]t is the 'open secret' of the post office" that managers share passwords with subordinates.[3]  IAF, Tab 28 at 28, 39.  Although these statements corroborate the notion that password sharing generally occurred at the agency, they nonetheless are contradicted by the proposing and deciding officials' declarations.  Specifically, the proposing and deciding officials declared that every individual identified by the appellant as having shared passwords "forcefully denied the allegations."  IAF, Tab 27 at 27, 33-34.

In any event, although an agency's condonation of misconduct may be a mitigating factor, the Board has not always found that condonation warrants mitigation.  *Herrera-Martinez v. Social Security Administration*, 84 M.S.P.R. 426, ¶ 16 (1999).  The Board has held that, when all the charges are sustained and the misconduct is serious, condonation does not warrant mitigation.  *See id.* (finding that any condonation of the appellant's misconduct, which compromised the integrity of the Social Security Administration system, did not warrant mitigating the removal penalty).  Here, the agency's sole charge was sustained.  Moreover, the deciding official considered the nature and seriousness of the offense and found it to be serious.  IAF, Tab 11 at 61-63.  The administrative judge found that the agency adequately considered the seriousness of the misconduct.  ID at 12-13.  Thus, even assuming that the agency somehow previously condoned the conduct at issue, such condonation does not warrant mitigation under the circumstances of this case.

---

[3] The appellant additionally alleges that, after the agency initiated the action against her, the proposing official emailed all managers acknowledging that he knew managers were sharing passwords and that the practice must stop.  PFR File, Tab 1 at 6.  The appellant asserts that the email "is missing" and was not produced in the agency's response to her discovery requests.  *Id.*  However, the appellant did not file a motion to compel discovery, and thus she is precluded from raising this issue for the first time on petition for review.  *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006); 5 C.F.R. § 1201.73(c).

To the extent the appellant alleges that her penalty should be mitigated because it was more severe than the penalties assessed on employees who committed the same or a similar offense, we are similarly unpersuaded. The administrative judge considered and rejected this argument, finding that the appellant had failed to demonstrate a substantial similarity between her circumstances and the conduct of any other employee. ID at 10. We agree with the administrative judge that the appellant has failed to identify other employees who engaged in similar misconduct.

It is well settled that among the factors an agency should consider in setting the penalty for misconduct is the "consistency of the penalty with those imposed upon other employees for the same or similar offenses." *Douglas*, 5 M.S.P.R. at 305. Although the universe of potential comparators will vary from case to case, it should be limited to those employees whose misconduct or other circumstances closely resemble those of the appellant. *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 13. For consistency of the penalty analysis, the charges and the circumstances surrounding the charged behavior must be substantially similar. *Hamilton v. Department of Homeland Security*, 117 M.S.P.R. 384, ¶ 14 (2012). Establishing that the charges and circumstances surrounding the charged behavior are substantially similar may include proof that the proffered comparison employee was located in the same work unit, worked under the same supervisor, was subjected to the same standards governing discipline, and faced discipline close in time to the appellant. *Id.* Other relevant considerations may include whether the difference in treatment was knowing and intentional, whether an agency began levying a more severe penalty for a certain offense without giving notice of a change in policy, and whether an imposed penalty is appropriate for the sustained charges. *Id.*

The proposing and deciding officials declared that they were unaware of any other employees who shared their password in a similar manner to that of the appellant. IAF, Tab 27 at 28, 33-34. Of the nine individuals identified by the

appellant as having shared passwords, she only presented a declaration from one, who did not admit to sharing his password. *Id.* at 26; IAF, Tab 28 at 38-40. Although the appellant's proffered declarations may support that password sharing occurred, they do not establish that any specific employees engaged in misconduct similar to that of the appellant. As such, the appellant's evidence fails to sufficiently identify comparator employees whose surrounding charges and circumstances are substantially similar. *See Hamilton*, 117 M.S.P.R. 384, ¶ 14 (finding that the charges and circumstances surrounding the charged behavior must be substantially similar to establish that the penalty was not consistent with penalties imposed on other employees).

Furthermore, the alleged comparators identified by the appellant appear to be from different work units and under different supervisory chains. For an employee from another work unit or supervisory chain to be a proper comparator for consistency of the penalty purposes, there must be a close connection between the misconduct or some other factor. *Singh*, 2022 MSPB 15, ¶ 13. As set forth in the proposing official's declaration, the other alleged comparators held a range of positions including Supervisor, Postmaster, Custodian, and Manager. IAF, Tab 27 at 26. Additionally, they appear to have been stationed at different office locations. *Id*. The appellant has not challenged or contradicted this assertion and we see no reason to question it. Although not outcome determinative, the appellant has failed to identify a close connection between the misconduct or any other factor establishing that these employees from other work units and supervisory chains are proper comparators for consistency of the penalty purposes. *Singh*, 2022 MSPB 15, ¶ 13.

In addition, the record does not show that the alleged inconsistency in penalties was knowing and intentional. *See id.*, ¶ 14 (finding the relevant considerations in a consistency of the penalty analysis include whether the difference in treatment was knowing and intentional); *Hamilton*, 117 M.S.P.R. 384, ¶ 14 (same). Both the proposing and deciding officials submitted

declarations asserting that they were unaware of any other employees who engaged in similar misconduct as the appellant during the general timeframe. IAF, Tab 27 at 28, 33-34. The Board generally evaluates the probative value of hearsay by considering various factors that include whether corroboration for the statements can otherwise be found in the record and the absence of contradictory evidence. *Borninkhof*, 5 M.S.P.R. at 87. The similar declarations here corroborate each other. Moreover, the appellant has not contradicted the statements or provided evidence that these individuals were aware of such widespread password sharing. Thus, to the extent these alleged comparator employees were treated differently, the record does not support a finding that the difference in treatment was knowing and intentional. On the contrary, the only individual identified by the agency as engaging in similar misconduct was removed.[4] IAF, Tab 12 at 40, Tab 27 at 34. The appellant has similarly not contradicted this evidence and the deciding official's hearsay statement is corroborated by the record. IAF, Tab 12 at 40, Tab 27 at 34.

As discussed above, the appellant has failed to identify specific individuals who were found to have similarly violated agency rules against password sharing. The appellant has thus failed to identify any proper comparators for consistency of the penalty purposes. She similarly has failed to establish that the agency knowingly and intentionally treated her differently, or began levying a more severe penalty without giving notice of a change in policy. Accordingly, we find that the appellant was on notice that her conduct was in violation of agency rules, and any alleged condonation does not warrant mitigation of the penalty. *Herrera-Martinez*, 84 M.S.P.R. 426, ¶ 16.

Finally, the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one among a nonexhaustive

---

[4] According to the record evidence and the declaration by the deciding official, one of the individuals to whom the appellant gave her log-on credentials, who then used the password to access the system under the appellant's name, was removed. IAF, Tab 12 at 40, Tab 27 at 34.

list of factors that are relevant for consideration in determining the appropriateness of a penalty. *Douglas*, 5 M.S.P.R. at 305-06. The Board has frequently stated that the nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibility, is the most important factor in assessing the reasonableness of a penalty. *E.g.*, *Batara v. Department of the Navy*, 123 M.S.P.R. 278, ¶ 8 (2016); *Spencer v. U.S. Postal Service*, 112 M.S.P.R. 132, ¶ 7 (2009). Indeed, the deciding official here considered the nature and seriousness of the offense and found it to be serious. IAF, Tab 11 at 61-63. Accordingly, we agree with the administrative judge that the agency properly considered the relevant factors, and that the penalty of removal was reasonable. ID at 6-9. *See Stuhlmacher*, 89 M.S.P.R. 272, ¶ 20 (finding the Board will modify a penalty only when it finds that the agency failed to weigh the relevant *Douglas* factors or the penalty clearly exceeded the bounds of reasonableness).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.